HELBLING *v.* HELBLING.

(Decided May 21, 1928.)

*Mr. Warren Gard,* for plaintiff in error.
*Mr. W. J. Confer* and *Mr. Walter S. Harlan,* for defendant in error.

CUSHING, J. The action in the court of common pleas was for divorce and alimony. The plaintiff, Evelyn Helbling, defendant in error here, was granted a divorce and awarded alimony. The court ordered certain real estate transferred to her, and as a part of permanent alimony gave her $5 a week, which amount was afterward increased.

The husband, Arthur Helbling, failed to pay the weekly allowances. An affidavit, so charging, was filed. Plaintiff moved the court for a rule directing the defendant to appear and show cause why he should not be punished as for contempt for disobedience of the court's order to pay $5 per week.

At the hearing, March 27, 1928, the court found:

"That the defendant has neglected and failed to comply with said order of the court, and that he is guilty of contempt of court."

The sentence was that:

"The defendant be and he is hereby committed to the jail of Butler county, Ohio, for a period of 30 days; said jail sentence is hereby suspended provided the defendant shall execute bond in the sum of $500, * * * conditioned that he will comply with said order of the court by paying each and every week to the plaintiff, or to the clerk of this court for her, said sum of $5 * * * ."

There is no bill of exceptions, and this court is limited to a consideration of the entries of the trial court and the statutes.

Section 12142, General Code, provides in part: "If it be adjudged that he is guilty, he may be fined not exceeding five hundred dollars, or imprisoned not more than ten days, or both."

The trial court's judgment did not bring the case

within said section, as he was imprisoned for a term beyond that authorized by statute.

Section 12143, General Code, provides: "When the contempt consists in the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it."

The judgment was not within the section last above quoted, as there is no finding that defendant was guilty of the omission to do an act which he can yet perform.

In addition, there is no provision in either of these statutes for imprisoning the defendant for 30 days.

The judgment of the trial court will be reversed, and the cause remanded for proceedings according to law.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and MILLS, J., concur.